JOHN A. SMITH *vs.* BERNARD MILLER ET AL.

First Judicial District, Hartford, March Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In an action to recover the contract price for the erection of a shed, the trial court found that after the written agreement had been executed the parties had some talk about changing its terms, which resulted, however, in a mutual misunderstanding; that upon discovering this the plaintiff renewed his oral offer to enlarge the shed for a specified amount, informing the defendants that if it was not accepted he should construct the shed under the existing agreement; that the defendants declined to accept his offer, and the plaintiff then built the shed in compliance with the written agreement. *Held* that upon these facts the trial court was fully justified in its ultimate conclusion that the written agreement had not been abandoned or modified, and that the plaintiff was entitled to judgment for the contract price and interest, whether such conclusion were to be regarded as one of fact or of law.

Argued March 6th—decided April 10th, 1907.

ACTION upon a written contract to recover the agreed price for the construction of a barn and shed, brought to the Court of Common Pleas in Hartford County and tried to the court, *Coats, J. ;* judgment for plaintiff, and appeal by defendants. *No error.*

*Bernard F. Gaffney*, for the appellants (defendants).

*George W. Klett,* for the appellee (plaintiff).

HAMERSLEY, J. The trial court found that on August 10th, 1905, the plaintiff and defendants entered into a written contract whereby the plaintiff agreed to build for the defendants a barn and shed as shown on the plan, and the defendants agreed to pay the plaintiff for the same the sum of $275 ; that the plaintiff built the barn and shed in full compliance with the terms of said contract ; and that the defendants had refused to pay said sum, or any part

thereof. Thereupon the court rendered judgment for the plaintiff to recover $283 damages (being the amount of the contract price with interest) and his costs.

Upon the trial the defendants claimed to have proved that shortly after the execution of the written contract the parties made an oral contract which was a substitute for the written contract and abrogated that contract; that the building constructed by the plaintiff was not in accordance with the substituted contract; and claimed as a matter of law that the plaintiff could not recover on the original contract because it had been abandoned, and could not recover on the substituted contract because he had not performed it, and could not recover in this action anything for the reasonable value of any services and materials he had actually furnished in the construction of the building. The court found as a fact that the parties had not made an oral agreement, as claimed by the defendants. This finding disposed of the claims of law.

In view of this finding the reasons of appeal contain no assignment of an error in law, except the general one that the court erred in not rendering judgment for the defendants on the facts found. From the testimony produced in respect to an oral substitute agreement, the court found that after the plaintiff had commenced the construction of the barn the defendants asked for a change in the written agreement in respect to the size of the shed, which by that agreement was to be 12 x 24 feet; · that the defendants understood the proposed change to increase the size of the shed from 12 x 24 feet to 40 x 17 feet, and to increase the price for the whole work from $275 to $325 ; that the plaintiff understood the proposed change to increase the size of the shed to 40 x 15 feet, and the price for the whole work to $325 ; that there was no meeting of the minds of the parties as to the attempted change of the agreement in writing ; that shortly afterward the parties discovered their mutual misunderstanding and negotiations for some change were renewed ; that the plaintiff offered to build the shed 40 x 17 feet if the defendants would pay $325

and do some necessary excavating and enter into a written agreement embodying the new terms; that while these negotiations were pending the plaintiff had nearly completed the construction of the barn, and then renewed his offer to the defendants, informing them that if it were not accepted he should construct the shed under the existing agreement; that the defendants refused to accept the plaintiff's offer, and he finished the barn and shed in full compliance with the agreement between him and the defendants. From these facts the court drew its ultimate conclusion of fact that the written agreement between the parties had not been abandoned nor modified by any oral agreement, and that the plaintiff had fully performed the contract on his part. The error assigned, therefore, is in effect a claim that the court, in reaching its ultimate conclusion from the subordinate facts found, has clearly violated the plain rules of reason and so committed an error in law. This claim is manifestly without foundation. The conclusion of the court from the facts found, if regarded as a conclusion of fact, was warranted; if regarded as one of law, is correct.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.